NOTICE OF REMOVAL

# EXHIBIT 9

# Notice of Filing of Notice of Removal

*Alexsam, Inc. v. WildCard Systems, Inc.*
USDC, Southern District of Florida, Ft. Lauderdale Division

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

ALEXSAM, INC,

    Plaintiff,

v.

WILDCARD SYSTEMS, INC., eFUNDS
CORPORATION, and FIDELITY NATIONAL
INFORMATION SERVICES, INC.,

    Defendants.

Case No. CACE15010434

WILDCARD SYSTEMS, INC., eFUNDS
CORPORATION, and FIDELITY NATIONAL
INFORMATION SERVICES, INC.,

    Counterclaim-Plaintiffs,

v.

ALEXSAM, INC,

    Counterclaim-Defendant.

## NOTICE OF FILING OF NOTICE OF REMOVAL

TO:    THE CLERK OF THE CIRCUIT COURT
        FOR BROWARD COUNTY, FLORIDA

Pursuant 28 U.S.C. § 1446(d), Defendants Wildcard Systems, Inc., eFunds Corporation, and Fidelity National Information Services, Inc. (collectively, "Defendants"), hereby give written notice that a Notice of Removal of the above-captioned action from this Court to the United States District Court for the Southern District of Florida, Ft. Lauderdale Division, was filed on August 19, 2015, in said United States District Court. Pursuant to 28 U.S.C. § 1446(d), "the

State court shall proceed no further unless and until the case is remanded." A copy of the Notice of Removal, without exhibits, is attached hereto as Exhibit A.

                              **MCGUIREWOODS LLP**

                              By:   */s/ Kimberly T. Mydock*
                                  R. Eric Bilik (FL Bar No. 987840)
                                  Primary E-Mail: ebilik@mcguirewoods.com
                                  Secondary E-Mail: ciammozzo@mcguirewoods.com
                                  Kimberly T. Mydock (FL Bar No. 0100571)
                                  Primary Email: kmydock@mcguirewoods.com
                                  Secondary Email: flservice@mcguirewoods.com
                                  50 North Laura Street, Suite 3300
                                  Jacksonville, Florida 32202
                                  (904) 798-3200
                                  (904) 798-3207 (fax)

                          *Of Counsel:*

                          **FINNEGAN, HENDERSON, FARABOW,**
                          **GARRETT & DUNNER, LLP**

                                Jeffrey Berkowitz
                                Primary E-Mail: jeffrey.berkowitz@finnegan.com
                                Two Freedom Square
                                11955 Freedom Dr.
                                Reston, Virginia 20190
                                (571) 203-2700

                        *Attorneys for Defendants Wildcard Systems, Inc.,*
                        *eFunds Corporation, and Fidelity National*
                        *Information Services, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been served by Email on August 19, 2015 to the following:

Edward S. Polk, Esquire
Cole, Scott & Kissane, P.A.
9150 South Dadeland Boulevard, Sutie 1400
Miami, FL 33156
Edward.polk@csklegal.com

Timothy C. Davis, Esquire
Heninger Garrison Davis, LLC
2224 1st Avenue North
Birmingham, Alabama 35203
tim@hgdlawfirm.com

Rene A. Vazquez, Esquire
Heninger Garrison Davis, LLC
18296 St. Georges Court
Leesburg, Virginia 20176
rvazquez@hgdlawfirm.com

Jacqueline K. Burt
Joseph J. Gleason
James F. McDonough
Jonathan R. Miller
Heninger Garrison Davis, LLC
3621 Vinings Slope, Suite 4320
Atlanta, GA 30339
jburt@hgdlawfirm.com
jgleason@hgdlawfirm.com
jmcdonough@hgdlawfirm.com
jmiller@hgdlawfirm.com

s/ Kimberly T. Mydock
Attorney

70073382_1

NOTICE OF FILING NOTICE OF REMOVAL

# EXHIBIT A

# NOTICE OF REMOVAL

# (Without Exhibits)

*Alexsam, Inc. v. WildCard Systems, Inc.*
17th Circuit, Broward County, Florida
Case No.: CACE-15--010434

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. _____

ALEXSAM, INC.,

    Plaintiff/Counterclaim Defendant,

v.

WILDCARD SYSTEMS, INC.,
eFUNDS CORPORATION, and
FIDELITY NATIONAL INFORMATION
SERVICES, INC.,

    Defendants/Counterclaim Plaintiffs.
_____/

## DEFENDANTS' NOTICE OF REMOVAL

Defendants/Counterclaim Plaintiffs Wildcard Systems, Inc. ("Wildcard"), eFunds Corporation ("eFunds"), and Fidelity National Information Services, Inc. ("FIS") (collectively, "Defendants") hereby remove the state court action described below from the Circuit Court of the 17th Judicial Circuit, in and for Broward County, Florida to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §§ 1331, 1338, 1441, and 1454. In support of this Notice of Removal, Defendants state as follows:

    I.    **BACKGROUND & PROCEDURAL POSTURE**

    1.    On June 12, 2015, Plaintiff Alexsam, Inc. ("Alexsam") filed an action in the Circuit Court of the 17th Judicial Circuit, in and for Broward County, Florida, bearing the above caption and assigned the case number 062015-CA-010434-AXXXCE ("State Court Action").

    2.    Alexsam purported to serve Defendants with the Complaint on July 30, 2015 (attached as Exhibit 1), and copies of the summons as to WildCard, eFunds, and FIS are attached

as Exhibits 2, 3, and 4, respectively.[1] While Defendants do not contest that service on WildCard and eFunds was proper, the summons to FIS was not actually served on FIS. Rather, Alexsam's representative served another unrelated company, Fidelity National Financial, Inc. Defendants informed Alexsam of this error on July 31, 2015. Exhibit 5. Alexsam subsequently provided a copy of a Return of Service showing on service on "Vicki Dent" at FIS; however, Ms. Dent does not work for FIS (*see* Exhibit 6). To date, Alexsam has failed to perfect service on FIS.

3. The State Court Action is couched so as to be limited to contractual issues related to a Settlement and License Agreement ("License Agreement") entered between Alexsam and WildCard, which was later acquired by eFunds, which was, in turn, acquired by FIS. But the License Agreement makes clear that it centers on two patents Alexsam is said to own–U.S. Patent No. 6,000,608, entitled "Multifunction Card System" and U.S. Patent No. 6,189,787, entitled "Multifunctional Card System." *See* Ex. 1, Complaint, Exhibit A at 1-2. A review of the License Agreement in view of the allegations in the Complaint reveals that Alexsam's claims in the State Court Action depend heavily on patent issues such as patent claim coverage, prosecution history estoppel, and patent invalidity, such that a federal question is presented on the face of the Complaint despite Alexsam's careful drafting. Further, Alexsam chose not to disclose in its Complaint that in 2009 Alexsam terminated the License Agreement, fully precluding any basis for its Complaint. Thus, the allegations of the Complaint constitute a claim for patent infringement.

4. Moreover, on August 19, 2015, Defendants filed an Answer, Defenses, and Counterclaims to Alexsam's Complaint in the State Court Action, along with affirmative

---

[1] Exhibits 1 through 4 and 7 to this Notice of Removal are the subject of a contemporaneously filed Motion for Leave to File Under Seal. Pursuant to S.D. Fla. L.R. 5.4(b), these proposed sealed filings are being filed conventionally and are not attached to this Notice.

defenses which include lack of jurisdiction and that Defendants have not practiced and/or have not infringed any of the claims of the two Alexsam patents; that the patents are invalid (as recently adjudged by the U.S. Court of Appeals for the Federal Circuit, and for other reasons as well); and that Alexsam is estopped from expanding the patent claims beyond permissible bounds, given statements made by the named inventor to the U.S. Patent and Trademark Office during patent prosecution. *See* Exhibit 7.  Defendants also filed Counterclaims seeking declaratory judgment of: (a) Non-Practice/Non-Infringement of Patents; (b) Invalidity of Patents; and (c) No Breach of Agreement. *See id.* The Counterclaims center almost entirely on patent law-related issues and allegations.

5. The Answer and Counterclaims include an explicit reservation of the right to remove the dispute to federal court pursuant to 28 U.S.C. § 1454 and other applicable authority. *Id.* at 1-2, 15.

## II.  REMOVAL IS PROPER BASED ON FEDERAL QUESTION JURISDICTION

6. This is a civil action of which this Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), and which may be removed to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1454.

7. Federal question jurisdiction is available in actions involving state law claims, where those claims necessarily involve the resolution of underlying disputed questions of federal law. *See generally Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 315-16 (2005) (affirming federal question jurisdiction over state quiet title action based on need to resolve predicate issue under federal Internal Revenue Code); *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 841 (9th Cir. 2004) (federal question removal jurisdiction proper where state lawsuit turns upon defendant's compliance with a federal regulation).

8.      In the State Court Action, Defendants have asserted claims for relief, affirmative defenses, and counterclaims arising under an Act of Congress relating to patents, and removal to this district and division is authorized by at least 28 U.S.C. § 1454, which, as part of the Leahy-Smith America Invents Act (Pub. L. No. 112-29, § 19(c)(1), 125 Stat. 332 (2011)), also known as the "Holmes Group Fix" (H.R. Rep. No. 112-98, at 81 (2011)), allows patent law counterclaims to serve as a basis for removal to federal court (effectively nullifying *Holmes Group v. Vernado Circulation Systems, Inc.*, 535 U.S. 826 (2002)). *See also Masimo Corp. v. Mindray DS USA, Inc.*, Civ. No. 14–405(SDW)(MCA), 2014 WL 7495105, at *3 (D.N.J. Sept. 5, 2014) (the Holmes Group Fix "had the effect of abrogating *Holmes* by allowing counterclaims arising under federal patent law to provide grounds for federal removal jurisdiction."). Moreover, the contents of the Complaint and the License Agreement (Ex. 1 and Exhibit A thereto) also reveal that the causes of action asserted by Alexsam center on matters heavily implicating, and arising under, the patent laws. And as explained, in 2009 Alexsam terminated the License Agreement, fully precluding any basis for its Complaint.

9.      This Court also has supplemental jurisdiction over any state law claims that are deemed not to arise under the patent laws. To the extent any such claims can be considered distinct from the patent-law related claims, they arise under the same operative facts as such claims, and under the same operative facts as the Answer, Defenses, and Counterclaims. Thus, any such claims are related and form a part of the same case and controversy pursuant to 28 U.S.C. § 1367(a).

### III. DEFENDANTS HAVE COMPLIED WITH THE PROCEDURES FOR REMOVAL

10. Alexsam purported to serve Defendants with the Complaint on July 30, 2015. Setting aside that service on FIS has not yet been perfected, and assuming for purposes of this Notice of Removal that service on WildCard and eFunds is sufficient, this Notice of Removal is timely filed. *See* 28 U.S.C. § 1446(b)(1).

11. The State Court Action was pending before the Circuit Court of the 17th Judicial Circuit, in and for Broward County, Florida. Because this Court is the United States District Court for the district and division embracing the place where the original action was filed, it is the appropriate Court for removal under 28 U.S.C. § 1446.

12. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders filed with the Clerk of the Circuit Court of the 17th Judicial Circuit, in and for Broward County, Florida, are being filed contemporaneously herewith. Those portions of the State court action record not being filed under seal are attached hereto as Exhibit 8. Exhibits 1 through 4 and 7 are being conventionally filed under seal along with an appropriate motion to maintain confidential information provided for under paragraph 16 of the Agreement between Alexsam and WildCard referenced in the state court complaint.[2] *See* Ex. 1, Complaint, Exhibit A, ¶ 16. A copy of this Notice of Removal has been served on Alexsam and will be filed with the Clerk of the Circuit Court of the 17th Judicial Circuit, in and for Broward County, Florida. *See* Exhibit 9.

13. All Defendants consent to seeking removal, as evidenced by participation in this Notice of Removal.

---

[2] All proposed sealed filings are being conventionally filed pursuant to S.D. Fla. L.R. 5.4(b).

WHEREFORE, Defendants hereby remove the above-described State Court Action now pending in the Circuit Court of the 17th Judicial Circuit, in and for Broward County, Florida, to the United States District Court for the Southern District of Florida, and respectfully request that this District Court assume exclusive jurisdiction of this action, entering such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Dated: August 19, 2015.

            Respectfully submitted,

            /s/ Emily Y. Rottmann
            R. Eric Bilik (FL Bar No. 987840)
            Primary Email: ebilik@mcguirewoods.com
            Secondary Email:ciammozzo@mcguirewoods.com
            Emily Y. Rottmann (FL Bar No. 93154)
            Primary Email: erottmann@mcguirewoods.com
            Secondary Email: clambert@mcguirewoods.com
            Kimberly T. Mydock (FL Bar No. 0100571)
            Primary Email: kmydock@mcguirewoods.com
            Secondary Email: flservice@mcguirewoods.com
            MCGUIREWOODS LLP
            50 North Laura Street, Suite 3300
            Jacksonville, Florida 32202
            Telephone: (904) 798-3200
            Facsimile: (904) 798-3207

            *Of Counsel*

            Jeffrey Berkowitz
            Primary Email: Jeffrey.berkowitz@finnegan.com
            FINNEGAN, HENDERSON, FARABOW, GARRETT &
            DUNNER LLP
            Two Freedom Square
            11955 Freedom Drive
            Reston, Virginia 20190
            (571) 203-2700

            *Attorneys for Defendants Wildcard Systems, Inc.,*
            *eFunds Corporation, and Fidelity National*
            *Information Services, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by Email and U.S. Mail on August 19, 2015 to the following:

Edward S. Polk (FL Bar No. 239860)
COLE, SCOTT & KISSANE, P.A.
9150 South Dadeland Boulevard, Suite 1400
Miami, Florida 33156
Telephone: (305) 350-5338
Facsimile: (305) 373-2294
Email: Edward.Polk@csklegal.com

Timothy C. Davis (FL Bar No. 571880)(
HENINGER GARRISON DAVIS, LLC
2224 1st Avenue North
Birmingham, Alabama 35203
Telephone: (205) 327-9115
Facsimile: (205) 314-5915
Email: tim@hgdlawfirm.com

Jacqueline K. Burt
Joseph J. Gleason
James F. McDonough
Jonathan R. Miller
HENINGER GARRISON DAVIS, LLC
3621 Vinings Slope, Suite 4320
Atlanta, Georgia 30339
Telephone: (404) 996-0861, 0862, 0869, 0863
Facsimile: (205) 547-5502, 5518, 5515, 5506
Email: jburt@hgdlawfirm.com
Email: jgleason@hgdlawfirm.com
Email: jmcdonough@hgdlawfirm.com
Email: jmiller@hgdlawfirm.com

René A. Vazquez
HENINGER GARRISON DAVIS, LLC
18296 St. Georges Ct.
Leesburg, Virginia 20176
Telephone: (571) 206-1375
Facsimile: (205) 327-9114
Email: rvazquez@hgdlawfirm.com

*Attorneys for Plaintiff Alexsam, Inc.*

/s/ Emily Y. Rottmann
Attorney