UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-cv-61736-BLOOM/Valle

ALEXSAM, INC.,

    Plaintiff/Counterclaim Defendant,

v.

WILDCARD SYSTEMS, INC.,
eFUNDS CORPORATION, and
FIDELITY NATIONAL INFORMATION
SERVICES, INC,

    Defendants/Counterclaim Plaintiffs.
_____/

## ORDER ON SEALED MOTION FOR LEAVE TO AMEND

**THIS CAUSE** is before the Court upon Plaintiff Alexsam, Inc.'s ("Plaintiff") Motion for Leave to Amend its Complaint, ECF No. [84] (the "Motion"). Having carefully considered the Motion, the record in this case, and being otherwise fully advised, the Court denies the Motion.

On June 12, 2015, Plaintiff filed a complaint for breach of contract and breach of implied covenant of good faith and fair dealing against Defendants/Counterclaimants WildCard Systems, Inc. ("WildCard"), eFunds Corporation ("eFunds"), and Fidelity National Information Services, Inc. ("FIS") (collectively, "Defendants") in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida. Compl., ECF No. [5-1]. In that Complaint, Plaintiff alleges that Defendants failed to adhere to the express terms of a Settlement Agreement ("Agreement") previously entered into between the parties, arguing that Defendants have not paid the full amount owed to Alexsam under the terms of the Agreement. Compl. ¶ 24-25. Defendants filed a Notice of Removal on August 19, 2015, ECF No. [1], removing the state court action to this Court pursuant to 28 U.S.C. § 1331, 1338, 1441, and 1454.

Case No. 15-cv-61736-BLOOM/Valle

On March 14, 2016, the Court granted Defendants leave to file an early motion for summary judgment addressing termination of the Agreement, ECF No. [66], which Defendants filed on April 7, 2016. *See* Motion for Partial Summary Judgment ("MSJ"), ECF No. [74]. On April 20, 2016, Plaintiff filed the instant Motion, requesting leave to amend its Complaint, *see* ECF No. [1-2], seeking to add claims for breach of implied contract, fraud, and negligent misrepresentation and to supplement its breach of contract claim and amend its breach of the covenant of good faith and fair dealing.

Fed. R. Civ. P. 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." "Although leave to amend shall be freely given when justice so requires, a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment." *Mann v. Palmer*, 713 F.3d 1306, 1316 (11th Cir. 2013) (citation omitted).

However, because Plaintiff's motion to amend was filed after the Scheduling Order's amendment deadline of December 21, 2015, *see* ECF No. [44], Plaintiff "must first demonstrate good cause under Rule 16(b) before [the Court] will consider whether amendment is proper under Rule 15(a)." *Sosa*, 133 F.3d at 1419. This means that "the likelihood of obtaining permission to amend diminishes drastically after the court enters a scheduling order with deadlines for amendments that have expired." *Donahay*, 243 F.R.D. at 699.

The Court's Scheduling Order may be modified only "upon a showing of good cause," which "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (citing Fed. R. Civ. P. 16 advisory committee's note; *Johnson v. Mammoth Recreations, Inc.,* 975

F.2d 604, 609 (9th Cir.1992) ("If [a] party was not diligent, the [good cause] inquiry should end.")). "In other words, good cause exists when evidence supporting the proposed amendment would not have been discovered in the exercise of reasonable diligence until after the amendment deadline had passed." *Donahay v. Palm Beach Tours & Transp., Inc.*, 243 F.R.D. 697, 699 (S.D. Fla. 2007) (citing *Forstmann v. Culp,* 114 F.R.D. 83, 85–86 (M.D. N.C.1987)). Further, "good cause is not shown if the amendment could have been timely made," even if the opposing party would not be prejudiced. *Id.*; *see also Kernal Records Oy v. Mosley*, 794 F. Supp. 2d 1355, 1369 (S.D. Fla. 2011), *aff'd sub nom. Kernel Records Oy v. Mosley*, 694 F.3d 1294 (11th Cir. 2012) ("Diligence is evaluated by considering the following factors: (1) whether the plaintiff failed to ascertain facts prior to filing the complaint and to acquire information during the discovery period; (2) whether the information supporting the proposed amendment was available to the plaintiff; and (3) whether even after acquiring the information the plaintiff delayed in seeking the amendment.").

Plaintiff argues that it has demonstrated good cause to modify this Court's schedule and permit amendment because Plaintiff could not have ascertained certain facts prior to filing the Complaint. Specifically, Plaintiff asserts that Defendants repeatedly told Plaintiff that the Agreement had not been terminated and that they were complying with the Agreement by sending royalty payments. Plaintiff argues that Defendants in their summary judgment motion have now "altered their repeated, explicit representations" to Plaintiff that the Agreement had not been terminated. Mot. at 10.

The record, however, clearly reflects that Defendants raised its termination argument in several pleadings, as early as their Notice of Removal, ECF No. [1], and Answer, ECF No. [5-5]. For example, Defendants' Fifth Separate Defense, asserting Plaintiff had failed to state a claim,

avers that "Alexsam terminated the License Agreement it now accuses Defendants of breaching." Answer at 13. The defense specifically cites to a December 3, 2009 letter purportedly sent by Alexsam to FIS and stating "WildCard failed to cure the breach described in the August 10 letter. The Agreement, under its terms, has thus ended on the 91st day after receipt of the August 10 notice. Please give notice of the termination to any third party the rights of which this termination has affected." *Id.* Defendants also attached these letters to its Answer as Exhibits 1 and 2. *See id.*; *see also* Notice of Removal ¶ 3 ("Alexsam chose not to disclose in its Complaint that in 2009 Alexsam terminated the License Agreement, fully precluding any basis for its Complaint."). Indeed, Plaintiff itself acknowledged Defendants' termination defense in the parties' Joint Scheduling Report. *See* ECF No. [43] at 5 ("[I]f the Court finds that the contract is terminated, Plaintiff would request leave to amend its complaint to include a claim for patent infringement.").

Plaintiff recognizes that Defendants raised the defense that the Agreement had been terminated within "some cursory claims," but argue that Defendants' "recent change of position runs counter to a number of statements made by Defendants in their pleadings and discovery responses" and that the defense is, therefore, insufficient to put Plaintiff on notice. Repl., ECF No. [103] at 4; Mot. at 12. Specifically, Plaintiff maintains that (1) Defendants have previously presented in its assertions that Alexsam unilaterally terminated the agreement, which is not possible under a plain reading of the termination clause of the Agreement; (2) Defendants' repeated denials at the time and continued partial performance provided no factual basis to support the termination defense prior to Plaintiff's suit; and (3) Defendants' pleadings have asserted no factual basis to support the termination argument and that such support was not available to Plaintiff until Defendants moved for summary judgment.

The Court does not agree that Defendants' termination defense—in which Defendants assert that Plaintiff allegedly terminated the Agreement in a letter stating that WildCard had failed to cure a breach and that the Agreement "[had] thus ended"—was insufficient to put Plaintiff on notice prior to the amendment deadline. *See* Answer at 12. Further, Plaintiff itself acknowledges in its response in opposition to Defendants' Motion for Summary Judgment that the "evidence upon which Defendants rely is not new." ECF No. [87] at 1. Indeed, it appears that Defendants' Motion relies primarily on facts and documents available prior to the filing of Plaintiff's Complaint and which "should have been in Alexsam's possession," including letters and correspondences between Plaintiff and Defendants dating back to 2008 and 2009. *See* Resp., ECF No. [97] at 4-5; MSJ at 5-6. Because Defendants asserted their termination defense in their initial pleadings and well before the deadline to amend set forth in the Court's Scheduling Order, Plaintiff has failed to demonstrate that the amendment could not have been timely made. *See Donahay*, 243 F.R.D. at 699. Plaintiff has failed to show good cause sufficient to modify the Court's Scheduling Order and permit amendment.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Leave to Amend its Complaint, **ECF No. [84]**, is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 30th day of May, 2016.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   Counsel of Record