UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-cv-61736-BLOOM/Valle

ALEXSAM, INC.,

    Plaintiff/Counterclaim Defendant,

v.

WILDCARD SYSTEMS, INC.,
eFUNDS CORPORATION, and
FIDELITY NATIONAL INFORMATION
SERVICES, INC,

    Defendants/Counterclaim Plaintiffs.
_____/

## ORDER ON MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court upon Plaintiff Alexsam, Inc.'s ("Plaintiff") Motion for Reconsideration, ECF No. [122] (the "Motion"). Plaintiff requests the Court reconsider its June 8, 2016 Order, ECF No. [106] (the "Order"), granting Defendants WildCard Systems, Inc., eFunds Corporation, and Fidelity National Information Services, Inc.'s (collectively, "Defendants") Motion for Partial Summary Judgment. In the Order, the Court determined that the operative Settlement and Licensing Agreement ("SLA") had been terminated in 2009 and entered summary judgment in Defendants' favor on Counts I and II of Plaintiff's Complaint, ECF No. [5-1]. Plaintiff moves for reconsideration of that Order or, in the alternative, for entry of either a final order under Rule 54(b) or certification permitting interlocutory appeal under 28 U.S.C. § 1292(b).

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (internal quotation and citation omitted). "[T]here are three

major grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Id.*

"[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Wendy's Int'l, Inc. v. Nu-Cape Const., Inc.*, 169 F.R.D. 680, 685 (M.D. Fla. 1996); *see also Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1290 (S.D. Fla. 2012) ("A motion for reconsideration is an extraordinary remedy to be employed sparingly.") (citation omitted). "Motions for reconsideration are appropriate where, for example, the Court has patently misunderstood a party." *Compania de Elaborados de Cafe v. Cardinal Capital Mgmt., Inc.*, 401 F. Supp. 2d 1270, 1283 (S.D. Fla. 2003). But "[a] motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992). "[T]he movant must do more than simply restate his or her previous arguments, and any arguments the movant failed to raise in the earlier motion will be deemed waived." *Compania*, 401 F. Supp. 2d at 1283.

Plaintiff argues that reconsideration is warranted because it believes that the Court "misunderstood" Plaintiff's position on termination in this matter and that reconsideration is necessary to prevent manifest injustice. Plaintiff, however, merely reiterates the same arguments previously asserted in response to Defendants' motion for summary judgment and fails to explain how the Court misunderstood Plaintiff's position.

Plaintiff asserts that the Court had no new evidence between its ruling on Plaintiff's motion to dismiss—in which it held that whether the SLA was breached or terminated early was

a question of fact that the Court cannot resolve at this stage of the pleadings—and its ruling on summary judgment. *See* ECF No. [51] at 7. Although the Court recognizes that much of the same evidence was available at the motion to dismiss stage, the two rulings were a result of the procedural posture of each motion. *See Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) ("[D]ocument[s] attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment only if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed.") (internal citations omitted).

Plaintiff further argues that the Court disregarded Plaintiff's evidence submitted, such as a December 22, 2009 letter sent by Defendants, in which Defendants indicated that the Termination Notice letter had been received, but that Defendants had not breached the SLA and did not consider the SLA terminated. This letter, however, was specifically cited to in the Court's Order, *see* Order at 3-4, and addressed by the Court's determination that the post-termination conduct of the parties was irrelevant to whether a termination occurred. *See* Order at 11-13.

Plaintiff has failed to establish grounds for reconsideration and the Court, therefore, declines to grant this "extraordinary remedy." *See Wendy's*, 169 F.R.D. at 685. Because the Court has dismissed Defendants' counterclaim for patent invalidity, Plaintiff's request for alternative relief is denied as moot. The Court declines Defendants' request to impose sanctions against Plaintiff for filing of this Motion.

Accordingly, it is **ORDERED AND ADJUDGED** that The Court's prior Paperless Order denying Plaintiff's Motion as moot, ECF No. [157], is **VACATED**. After consideration of the Motion, Plaintiff's Motion for Reconsideration, ECF No. [122], is **DENIED**.

Case No. 15-cv-61736-BLOOM/Valle

**DONE AND ORDERED** in Miami, Florida, this 2nd day of August, 2016.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:
Counsel of Record