UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-CV-61736-BLOOM/VALLE

ALEXSAM, INC.,

    Plaintiff,

v.

WILDCARD SYSTEMS,
INC., *et al.*,

    Defendants.

_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court on Defendants' Motion for Bill of Costs and Attorneys' Fees (ECF No. 192) and Defendants' Motion for Bill of Costs (ECF No. 194) (collectively, the "Motions"). United States District Judge Beth Bloom has referred the Motions to the undersigned for a Report and Recommendation. (ECF No. 213). Accordingly, having reviewed the Motions, Plaintiff's Responses (ECF Nos. 200 and 201), Defendants' Replies (ECF Nos. 206 and 207), and being otherwise duly advised in the matter, the undersigned respectfully recommends that the Motions be **GRANTED IN PART** for the reasons set forth below.

## I.      BACKGROUND

Defendants request approximately $1.6 million in attorneys' fees pursuant to 28 U.S.C. § 1927 (governing sanctions), 35 U.S.C § 285 (applicable in patent cases), and the Court's inherent authority. (ECF No. 192 at 2). Defendants also request $4,307.03 in taxable costs under Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920, and $27,168.75 in "non-taxable fees and expenses" for fees related to mediation and expert witness services. (ECF Nos. 192 at 2 and 193 at 3). For the reasons discussed below, the undersigned

recommends that Defendants be awarded $2,600.50 in total taxable costs under Rule 54(d)(1) and § 1920 and that their request for attorneys' fees and non-taxable costs be denied.

### A.   *Overall Litigation*

On June 12, 2015, Alexsam, Inc. ("Plaintiff) filed a two-count complaint for breach of contract and breach of implied covenant of good faith and fair dealing against Defendants/Counterclaimants WildCard Systems, Inc., eFunds Corporation, and Fidelity National Information Services, Inc. (collectively, "Defendants") in the Circuit Court of the 17th Judicial Circuit in Broward County, Florida.  *See* (ECF No.  5-1) (containing the state court complaint).  Plaintiff alleged that Defendants failed to adhere to the express terms of a Settlement and License Agreement (the "SLA") and had not paid the full amount owed to Plaintiff under the contract.  (ECF No. 5-1 ¶ 24-26).

On August 19, 2015, Defendants removed the state court action to this Court pursuant to 28 U.S.C. §§ 1331, 1338, 1441, and 1454.  *See* (ECF No. 1).  On September 18, 2015, Plaintiff filed a Motion to Dismiss certain affirmative defenses and counterclaims, which the Court granted in part on November 20, 2015.[1]  (ECF Nos. 18 and 51).  In partially granting dismissal, the Court noted that "whether the [SLA] was breached or terminated early [was] a question of fact and one that the Court [could] not resolve at [that early] stage of the pleadings." (ECF No. 51 at 7).  The Court did, however, dismiss Counts I and III of Defendants' counterclaim, leaving only Count II alleging patent invalidity.  (ECF No. 51 at 12-16).  On December 9, 2015, Plaintiff filed its Responses to Defendants' remaining counterclaim.  (ECF No. 55).

---

[1] Plaintiff also filed a Motion for Remand (ECF No. 19), which the District Judge denied. (ECF No. 51).

On March 14, 2016, the Court granted Defendants leave to file an early motion for summary judgment addressing the termination of the SLA. *See* (ECF No. 67). On April 7, 2016, Defendants filed a Motion for Partial Summary Judgment, which the Court granted on June 9, 2016. (ECF Nos. 74 and 106). In granting summary judgment, the Court found that Plaintiff had terminated the SLA in 2009, thereby discharging Defendants of any continuing obligation to pay post-termination royalties. (ECF No. 106 at 13). The Court also noted that the only remaining claim was Count II of Defendants' counterclaim, i.e., the claim alleging invalidity of the patents. (ECF No. 106 at 17).

On June 16, 2016, Plaintiff filed its Motion for Partial Summary Judgment on the basis of res judicata, arguing that Defendants' affirmative defenses and counterclaim of patent invalidity were barred. *See generally* (ECF Nos. 117 and 118). Throughout this time, the parties were pursing their respective litigation positions, including propounding discovery, filing motions to compel and attending discovery hearings. *See, e.g.*, (ECF Nos. 109, 119, 120, 126-28, 147, 149).

On July 27, 2016, the Court granted in part Plaintiff's Motion for Summary Judgment and dismissed Count II of Defendants' counterclaim, which sought a declaratory judgment that Plaintiff's patents are invalid. (ECF No. 156 at 2). The Court expressly concluded that there was "no basis for maintaining the invalidity counterclaim outside of the context of the SLA, which it [had] determined was terminated in 2009." (ECF No. 156 at 3). The Court also administratively closed the case and denied all pending motions as moot. *Id*. at 5.

On August 2, 2016, the Court entered Final Judgment in favor of Defendants on all claims asserted by Plaintiff and reserved jurisdiction to consider attorneys' fees and costs. (ECF No. 159).

3

### B. The Motions for Attorneys' Fees and Costs

On August 16, 2016, Defendants filed their first Motion for Attorneys' Fees and Costs and a Bill of Costs (together, "Defendants' First Request for Fees and Costs"). (ECF Nos. 160 and 161). On August 31, 2016, the District Court denied Defendants' First Request for Fees and Costs "without prejudice" because the case was on appeal to the Eleventh Circuit.[2] (ECF Nos. 164 and 165). On September 16, 2016, Defendants filed a Motion to Stay Compliance with Local Rule 7.3 while the case was on appeal. *See generally* (ECF No. 169). On the same day, the District Court granted Defendants' request to stay compliance with Local Rule 7.3 pending the appeal. (ECF No. 171). In granting Defendants' request for a stay, the District Court ordered as follows:

> The parties shall meet and confer regarding any motion for fees and costs within twenty-one (21) days after the date that the Eleventh Circuit issues its mandate in this matter, and the parties shall file any motion for fees and costs no later than thirty (30) days after the date that the Eleventh Circuit issues its mandate in this matter.

(ECF No. 171 at 1) (the "September 19, 2016 Order").

On January 9, 2018, the Clerk of Court for the Court of Appeals for the Federal Circuit issued the Appeal Court's mandate, affirming *per curiam* the District Court's grant of summary judgment in favor of Defendants. (ECF No. 175). The mandate was filed with this Court on February 15, 2018. *Id.*

On March 19, 2018, Defendants filed their second request for attorneys' fees and costs as a "Renewed" Motion for Bill of Costs and Motion for Bill of Costs and Attorney's Fees (ECF Nos. 177 and 178) (together, "Defendants' Second Request for Fees and Costs"). Along with their Second Request for Fees and Costs, Defendants filed a "Motion to Deem Local Rule

---

[2] On August 30, 2016, Plaintiff had filed a Notice of Appeal as to the Judgment in favor of Defendants. (ECF No. 163).

7.3 Inapplicable or, [Alternatively], to Bifurcate Issues of Entitlement to and Amount of Attorneys' Fees." (ECF No. 176). In requesting waiver of the requirements of Local Rule 7.3, Defendants argued that the Local Rule "does not apply to [their] request for attorneys' fees as sanctions under 28 U.S.C. § 1927, 35 U.S.C. § 285, and this Court's inherent authority based on [Plaintiff's] and its counsel's bad faith, exceptional, and vexatious conduct throughout this litigation." (ECF No. 176 at 2). On April 6, the District Court summarily denied Defendants' request to waive Local Rule 7.3 and to bifurcate the issue of entitlement to fees and costs from an evaluation of the reasonableness of the claimed amount. (ECF No. 185).

On April 10, 2018, upon a review of the record, the District Court *sua sponte* ordered as follows:

> Because Defendants have admittedly not complied with the procedural requirements set forth in Local Rule 7.3, it is **ORDERED AND ADJUDGED** that Defendants' Renewed Motion for Bill of Costs and Attorneys' Fees, **ECF Nos. [177]–[178],** is **DENIED** without prejudice. Defendants may refile their motions for attorneys' fees and costs once they have complied with this Court's local rules.

(ECF No. 188) (the "April 10, 2018 Order").

On June 8, 2018, Defendants filed the instant Motions—their third request for attorneys' fees and costs. (ECF Nos. 192 and 194). On July 23, 2018, the District Court referred the Motions to the undersigned for a report and recommendation. (ECF No. 213).

## II.   LEGAL STANDARD

### A.  *Entitlement to Fees and Costs Generally*

Under the "American Rule," each party must pay its own attorneys' fees, unless a statute or contract provides otherwise. *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 253 (2010) (citations omitted); *see also In re Martinez*, 416 F.3d 1286, 1288 (11th Cir. 2005) (prevailing litigants are generally not entitled to an award of attorneys' fees unless provided by

statute or contract).   Relevant to the instant case, the Patent Act provides that "the court in exceptional cases may award reasonable attorney fees to the prevailing party."  35 U.S.C. § 285. Further, Federal Rule of Civil Procedure 54(d) provides that costs—other than attorney's fees— should be allowed to the prevailing party.  Fed. R. Civ. P. 54(d).  Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d).  *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995); *see also Haughton v. SunTrust Bank, Inc.*, 403 F. App'x 458, 459 (11th Cir. 2010).

As further explained below, the undersigned concludes that Defendants have not shown that they are entitled to fees under § 285 of the Patent Act and, thus, should not be awarded attorneys' fees.  *See infra* Section III.D.  The Court also concludes that an award of attorneys' fees and costs is inappropriate either as sanctions under § 1927 or pursuant to the Court's inherent authority.  *See infra* Sections III.C. and E.  On the other hand, Defendants are the "prevailing party" for purposes of recovering costs under Rule 54(d) and § 1920 because the District Court entered summary judgment in favor of Defendants on the SLA-related claims and the Federal Circuit affirmed the District Court's ruling.   (ECF Nos. 106 and 175).   The undersigned finds, however, that Defendants are not entitled to recover for non-taxable costs.

## III.   DISCUSSION

The instant Motions are Defendants' third request to recover attorneys' fees and costs. Specifically, Defendants seek costs under Federal Rule of Civil Procedure 54(d)(1) which allows for an award of costs to the prevailing party.  *See* (ECF Nos. 192 at 2, 12-13).  Defendants also seek attorneys' fees and costs pursuant to: (a) 28 U.S.C.  § 1927, which allows for fees and costs as sanctions for bad faith and vexatious conduct; and (b) 35 U.S.C. § 285, which allows for the recovery of fees and costs to the "prevailing party" in "exceptional cases" under patent law.

(ECF No. 192 at 13-20).  Lastly, Defendants argue that fees and costs are appropriate under the Court's inherent authority.  *Id.* at 16-17.  Plaintiff opposes Defendants' request on grounds of procedural untimeliness and on the merits.  *See generally* (ECF Nos. 200 and 201).

### A. *Defendants' Motions Are Timely Based on Court Orders*

As an initial matter, the Court must determine whether the Motions are timely.  Notably, on three different occasions over more than 18-months, Defendants sought an award of attorneys' fees and costs.  *See* (ECF Nos. 160, 161, 177, 178, 192, and 194).  Plaintiff has consistently argued that Defendants' requests are untimely and/or noncompliant with Local Rule 7.3.  *See, e.g.,* (ECF Nos. 181 and 182) (Plaintiff's response in opposition to Defendants' Second Request for Fees and Costs, arguing that Defendants' request should be denied for noncompliance).  Because the District Court previously denied *without prejudice* Defendants' First and Second Requests for Fees and Costs, *see* (ECF Nos. 164, 165, and 188), the undersigned focuses on whether the instant Motions—Defendants' third request for fees and costs—are timely.

Relevant to the issue of timeliness are the District Court's September 19, 2016 and April 10, 2018 Orders.  (ECF Nos. 171 and 188).  Specifically, the September 19, 2016 Order provided that "the parties shall meet and confer regarding any motion for fees and costs within twenty-one (21) days after the date that the Eleventh Circuit issues its mandate in this matter, and the parties shall file any motion for fees and costs no later than thirty (30) days after the date that the Eleventh Circuit issues its mandate in this matter."  (ECF No. 171).  The mandate was filed with this Court on February 15, 2018.  (ECF No. 175).

Based on the September 19, 2016 Order, Plaintiff argues that because the mandate was entered on February 15, 2018—*i.e.*, the "triggering event"—Defendants were required to meet

and confer regarding any motion for fees and costs by March 8, 2018 (i.e., within 21 days of the "triggering event") and to file any motion for fees and costs by March 19, 2018 (i.e., within 30 days of the "triggering event"). (ECF No. 201 at 10-11). Plaintiff's arguments, however, disregard the District Court's April 10, 2018 Order, which expressly permitted "Defendants to *refile* their motion for attorney's fees and costs once they [had] complied with this Court's Local Rules." (ECF No. 188) (emphasis added).

In effect, the April 10, 2018 Order gave Defendants more time to file their request for attorneys' fees and costs than would otherwise have been permitted under a strict application of Local Rule 7.3 or the Court's September 19, 2016 Order. Accordingly, the undersigned finds that Defendants complied with the District Court's April 10, 2018 Order.[3] Defendants filed the Motions on June 8, 2018—within 60 days of the April 10, 2018 Order—and certified that they conferred with Plaintiff regarding the Motions on May 10, 2018.[4] (ECF No. 192 at 22). Beyond arguing that Defendants' Motions are untimely based on a strict reading of the September 19,

---

[3] The April 10, 2018 Order directed that Defendants comply with the Local Rules. (ECF No. 188). Pursuant to Local Rule 7.3(a), "a motion shall be filed within sixty (60) days of the entry of final judgment or order giving rise to the claim, regardless of the prospect or pendency of supplemental review or appellate proceedings." S.D. Fla. L.R. 7.3(a)(1). Moreover, "[a] motion for an award of attorneys [sic] fees and/or non-taxable expenses and costs arising from the entry of a final judgment or order shall not be filed until a good faith effort to resolve the motion . . . has been completed." *Id.* 7.3(a)(2). Further, for a good faith conferral, subsection (b) of Local Rule 7.3 requires that a draft fee motion be served within 30 days prior to the filing deadline and that the conferral occur within 21 of service of the draft motion. *Id*. 7.3(b).

[4] Although the Court recognizes that the better practice may have been for Defendants to expressly request an extension on the time to file the motion for fees and costs, Defendants' reliance on the April 10, 2018 Order to support the timing of the Motions is not unreasonable. Additionally, accepting Plaintiff's untimeliness argument would effectively nullify the April 10, 2018 Order, which is a disfavored result. *See, e.g.*, *Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1220 (11th Cir. 2000) (declining to adopt an unrealistic reading of the district court's order). Moreover, contrary to Plaintiff's argument that Defendants had six days to comply with Local Rule 7.3 even after the April 10, 2018 Order, *see* (ECF No. 201 at 11), the procedure for a good faith effort to resolve issues by agreement under Local Rule 7.3(b) allows for 30 days before a motion is filed. Consequently, Plaintiff's arguments are unpersuasive.

2016 Order, Plaintiff does not dispute that, as to the instant Motions, Defendants conferred in accordance with Local Rule 7.3(b).[5]

### B. *Recoverable Costs under Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920*

Having determined that the Motions are timely, the undersigned next reviews Defendants' request for an award of $4,307.03 in costs under Federal Rule 54(d). (ECF Nos. 192 at 13 and 194). In objecting to costs, Plaintiff argues that Defendants: (i) have failed to provide sufficient detail to support their request; and (ii) are not entitled to specific categories of costs because those items were either unnecessary and/or should be disallowed.[6] (ECF No. 200 at 5-9).

A prevailing party is "entitled to receive all costs that are recoverable under 28 U.S.C. § 1920." *Bryant v. Cab Asset Mgmt.*, LLC, No. 10-61514-CIV, 2011 WL 1331267, at *3 (S.D. Fla. Apr. 6, 2011). "Such costs, however, may not exceed those permitted by [statute]."

---

[5] Moreover, although Local Rule 7.3 generally sets forth clear and mandatory requirements to assist the parties in resolving disputes regarding attorneys' fees and cost, *see, e.g., Koppelman v. Galt Ocean Manor Condo. Ass'n*, No. 16-CV-62175-BLOOM/VALLE, *report and recommendation adopted*, 2017 WL 7411184, *2 (S.D. Fla. Dec. 21, 2017); *Sodikart USA v. Geodis Wilson USA, Inc.*, No. 14-CV-22461-BLOOM/VALLE, 2014 WL 6968073 (S.D. Fla. Dec. 9, 2014), *report and recommendation adopted*, No. 14-CV-22461 (Dec. 24, 2014), Plaintiff has not shown prejudice by Defendants' failure to strictly comply with the timing requirements of Local Rule 7.3. *See, e.g., Tobinick v. Novella*, 884 F.3d 1110, 1120 (11th Cir. 2018) (concluding that there was no error where the District Court exercised its discretion in not denying request for fees and costs based on violation of local rules); *but see Staats v. Universal Marine Ctr., Inc.*, No. 16-CV-62202-BLOOM/VALLE, 2017 WL 6539512, *2 (S.D. Fla. Dec. 20, 2017) (concluding that litigant prejudiced if made to pay time-barred costs). This lack of prejudice weighs in Defendants' favor, particularly since the April 10, 2018 Order expressly allowed Defendants to "refile" their fees request "once they [had] complied with this Court's Local Rules." Thus, Plaintiff's untimeliness arguments are unavailing and the Motions should be reviewed on the merits.

[6] Plaintiff also summarily argued that costs were inappropriate because whether Defendants were the prevailing parties was "still at issue" based on Plaintiff's Petition for writ of *certiorari* before the Supreme Court. (ECF No. 200 at 5 n.8). That argument, however, became moot when Plaintiff's petition was denied on October 9, 2018. (ECF No. 214).

*Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007) (citing *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002)); *see Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).  Here, the relevant taxable items under 28 U.S.C. § 1920 include: "(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; [and] (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case."  28 U.S.C. § 1920(1)-(2), (4).  More specifically, Defendants seek an award of taxable costs for: (i) Clerk fees ($400); (ii) fees for printed or electronically recorded transcripts necessarily obtained for use in the case ($87); and (iii) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case ($3,820.03).  *See generally* (ECF No. 194).

Unless otherwise prohibited, "[a] prevailing party may recover costs as a matter of course" and "the losing party bears the burden of demonstrating that a cost is not taxable, unless knowledge regarding the proposed cost is within the exclusive control of the prevailing party." *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009) (citations omitted); *see also Procaps v. Patheon Inc.*, No. 12-24356-CIV, 2016 WL 411017, at *1 (S.D. Fla. Feb. 2, 2016).  Moreover, while the Court has the discretion to award those costs specifically enumerated in § 1920, it may not tax as costs any items not authorized by the statute.  *Crawford*, 482 U.S. at 445.  Further, pursuant to Local Rule 7.3, a bill of costs must include documentation showing the amount of costs and a supporting memorandum.  S.D. Fla. L.R. 7.3(c).  Lastly, the Court has discretion to determine whether to award costs to a prevailing party, but must give a reason for denying costs.  *Head*, 62 F.3d at 354.

i.      *Clerk Fees*

Defendants seek to recover $400 for the Notice of Removal filing fee.  (ECF No. 194 at 1).  Plaintiff objects to this fee and argues that it was Defendants' choice to remove the case, thus the expense was a "tactical decision" and unnecessary.  (ECF No. 200 at 7).   Plaintiff's arguments are unavailing.  First, the Notice of Removal filing fee has been explicitly recognized by other Courts in this District as recoverable under § 1920(1).  *See, e.g.*, *Louis-Charles v. Pub. Health Tr. of Miami-Dade Cty.*, No. 15-CV-22372, 2015 WL 7351577, at *1 (S.D. Fla. Nov. 10, 2015); *Covington v. Arizona Beverage Co., LLC*, No. 08-21894-CIV, 2011 WL 810592, at *3 (S.D. Fla. Jan. 25, 2011), *report and recommendation adopted*, No. 08-21894-CIV, 2011 WL 777883 (S.D. Fla. Mar. 1, 2011).  Moreover, removal to Federal Court was affirmed by this Court and on appeal.  *See* (ECF No. 51) (District Court's order denying Plaintiff's motion to remand); (ECF No. 175) (Federal Circuit's *per curiam* affirmance of District Court's ruling on summary judgment).  Consequently, Defendants should recover $400 for filing the Notice of Removal.

ii.     *Fees for Printed or Electronically Recorded Transcripts Necessarily Obtained for Use in the Case*

Pursuant to 28 U.S.C. § 1920(2), Defendants seek to recover $87 for fees incurred to obtain the transcript of a discovery hearing held before the undersigned on July 1, 2016.  (ECF No. 194 at 1, 14).  Plaintiff argues that Defendants did not need the hearing transcript and, even if it was necessary, the transcript rate should be reduced to a "normal" rate versus the higher expedited rate.  (ECF No. 200 at 7-8).

 A party is entitled to recover fees for printed or electronically recorded transcripts that were "necessarily obtained for use in the case."  *EEOC. v. W&O, Inc.*, 213 F.3d 600, 620-21 (11th Cir. 2000).  Defendants explain that they referenced the July 1st hearing transcript in

connection with a later motion to compel, which was intended to enforce the parties' earlier agreement reached at the discovery hearing. (ECF Nos. 147 and 206 at 6). The record supports Defendants' explanation. Thus, the Court finds that the hearing transcript was necessarily obtained for use in the case and Defendants should recover for the transcript cost.

The undersigned also finds that expediting service for the transcript was appropriate as Defendants needed to obtain the transcript quickly to support and pursue their discovery motion, which this Court typically resolves on an expedited basis. Hence, Defendants should be awarded the full $87 for the hearing transcript.

 iii. *Fees for Exemplification and the Costs of Making Copies of Any Materials Where the Copies are Necessarily Obtained for Use in the Case*

Defendants seek $3,820.03 in costs associated with copying and production of documents. (ECF Nos. 194 at 1, 5-12, and 206 at 7-12). Plaintiff argues that these costs are unnecessary and should be disallowed as unjustified and lacking in documentation. (ECF No. 200 at 8-9).

"Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" are recoverable under 28 U.S.C. § 1920(4). The prevailing party cannot make unsubstantiated claims that copies of the documents were necessary. *See Helms v. Wal–Mart Stores, Inc.*, 808 F. Supp. 1568, 1570 (N.D. Ga. 1992) (denying photocopying charges where party provided no explanation for the copies); *Arnold v. Heritage Enters. of St. Lucie, LLC*, No. 13-14447-CIV, 2017 WL 8794776, at *3 (S.D. Fla. Sept. 21, 2017), *report and recommendation adopted*, No. 13-14447-CIV, 2018 WL 1795446 (S.D. Fla. Jan. 11, 2018) (amount claimed for exemplification and copies reduced for failing to demonstrate that copies were necessary); *Ferguson v. Bombardier Servs. Corp.*, No. 8:03-CV-1380-T-30, 2007 WL 601921, at *6 (M.D. Fla. Feb. 21, 2007) (copies of checks paid to vendor

12

without explanation of underlying charge were not taxable).  Rather, the party moving for taxation of costs must present evidence "regarding the documents copied including their use or intended use."  *Cullens v. Georgia Dept. of Trans.*, 29 F.3d 1489, 1494 (11th Cir. 1994); *Monelus*, 609 F. Supp. 2d at 1335.  The prevailing party also still bears the burden of submitting a request for expenses that enables the Court to determine what expenses were incurred and whether the party is entitled to them.  *Compare Monelus*, 609 F. Supp. 2d at 1335-36 (recommending an award for copying costs where defendant provided detail and explanation for the copies made), *with Lee v. Am. Eagle Airlines, Inc.*, 93 F. Supp. 2d 1322, 1335-36 (S.D. Fla. 2000) (denying copying charges where the court had no way of knowing whether the photocopying rates were reasonable or even whether they were related to the action).

Here, although Defendants have submitted invoices in support of this cost category, generally described as "processing electronic copies," (ECF No. 194 at 3), Defendants offer little explanation or detail for the specific items charged.  In their Reply, Defendants argue that the production of documents in this case was a "necessity in response to discovery requests" and that Defendants' production included documents in "tiff and native format" as required for electronic discovery.  (ECF No. 206 at 7-8).  The undersigned does not doubt Defendants' representations regarding the process used for producing responsive documents within an electronic discovery framework.  Nevertheless, the Court is guided by the principles set forth in *CBT Flint Partners, LLC v. Return Path, Inc.*, 737 F.3d 1320, 1328 (Fed. Cir. 2013), where the Federal Circuit, in applying Eleventh Circuit law, discussed what is recoverable as costs under § 1920(4) within the context of electronic discovery.  Specifically, the Federal Circuit concluded that:

> [R]ecoverable costs under section 1920(4) are those costs necessary to duplicate an electronic document in as faithful and complete a manner as required by rule, by court order, by agreement of the parties, or otherwise. To the extent that a party is obligated to produce (or obligated to accept) electronic documents in a

13

particular format or with particular characteristics intact (such as metadata, color, motion, or manipulability), the costs to make duplicates in such a format or with such characteristics preserved are recoverable as "the costs of making copies . . . necessarily obtained for use in the case." 28 U.S.C. § 1920(4).  But only the costs of creating the produced duplicates are included, *not a number of preparatory or ancillary costs commonly incurred leading up to, in conjunction with, or after duplication*.

*CBT Flint Partners*, 737 F.3d at 1328 (emphasis added).

 Further, in *CBT Flint Partners*, the Federal Circuit discussed the different stages for electronic discovery and the types of costs that are not recoverable.  For example, costs such as "source code planning," "source code discussion," or "source code briefing" are costs incurred in *preparing* to copy and not recoverable under § 1920(4).  *CBT Flint Partners*, 737 F.3d at 1330.  Similarly, "project management," "statistical previews," and "extraction of proprietary data" are not costs of making copies.  *Id.* at 1331.  Rather, they are part of the large body of discovery obligations, mostly related to the document review process, that Congress has not included in § 1920(4).  *Id.*

 Guided by *CBT Flint Partner*s, the undersigned finds that only two of the items within this category are properly supported and recoverable as costs incurred for exemplification and making copies of materials necessarily obtained for use in the case.  Specifically, Defendants should recover for the following items: (i) $1,704 for "Electronic Data Discovery per GB: Native Processing," (ECF No. 194 at 6), which is generally reviewing files in the format of their original application;[7] and (ii) $409.50 in "Electronic Data Discovery per GB: TIFF Conversion," (ECF No. 194 at 10), which generally involves converting documents to a Tagged Image File Format

---

[7] *The Sedona Conference Glossary: E-Discovery & Digital Information Management (Fourth Ediation)*, 15 Sedona Conf. J. (Fall 2014).

("TIFF").   *CBT Flint Partners*, 737 F.3d at 1329.   All other costs should be denied as unrecoverable under § 1920(4).[8]

Consequently, Defendants should be awarded $2,113.50 in costs under § 1920(4), and $2,600.50 in total costs pursuant to 28 U.S.C. § 1920 as prevailing parties.[9]   That said, Defendants' request for $27,168.75 in "non-taxable fees and expenses" should be denied because Defendants have failed to establish entitlement to costs under any statute beyond § 1920.

### C.     Whether 28 U.S.C. § 1927 Supports an Award of Attorneys' Fees and Costs

In addition to Rule 54(d)(1) and § 1920, Defendants request attorneys' fees and costs based on 28 U.S.C. § 1927.   (ECF No. 192 at 2, 15-16).   In relevant part, § 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."   *Barnes v. Frameless Shower Doors & Enclosures, Inc.*, No. 14-CV-62243-BLOOM/VALLE, 2015 WL 6470318, *2 (S.D. Fla. Oct. 27, 2015).   But § 1927 "is not a 'catch-all' provision for sanctioning objectionable conduct by counsel."   *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997).   Rather, to impose sanctions pursuant to § 1927, the Court must find that: (i) the attorney engaged in unreasonable and vexatious conduct; (ii) the conduct at issue multiplied the proceedings; and (iii) the amount of the sanction has a financial nexus to the excess proceedings.   *Id.*

---

[8] Specifically, Defendants' invoices reflect the following: (a) three different fees for "project management" (i.e., $175 and $87.50 two times); (b) a fee for "culling" ($269.25); and (c) a charge of $611.34 for an indecipherable item, none of which should be awarded.   (ECF No. 194 at 6, 8, 10, and 12); *see also CBT Flint Partners*, 737 F.3d at 1326-29 (discussing the purpose of § 1920(4) and its applicability to electronic discovery).

[9] The calculation is as follows:
    Costs under § 1920(4) = $1,704 + $409.50 = $2,113.50.
    Total costs = $400 (filing fees) + $87 (transcript fees) + $2,113.50 (costs of making copies necessarily used in case) = $2,600.50

The first requirement is satisfied only when the attorney's conduct is so egregious that it amounts to bad faith.  *See Richards v. Sen*, 825 F. Supp. 2d 1259, 1263 (S.D. Fla. 2010), *aff'd*, 418 F. App'x 921 (Fed. Cir. 2011). A finding of bad faith is appropriate "where an attorney knowingly or recklessly pursues a frivolous claim or engages in litigation tactics that needlessly obstruct the litigation of non-frivolous claims."  *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003).  Something more than lack of merit is required.  *Id*. (citations omitted). Moreover, a determination of bad faith turns "not on the attorney's subjective intent, but on the attorney's objective conduct."  *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239-40 (11th Cir. 2007).

Here, Defendants' request is premised on seven examples of alleged misconduct by Plaintiff.  (ECF No. 192 at 17-20).  The undersigned reviews each example within the framework of § 1927.

i.       *Plaintiff's Contentions Regarding the SLA*

Defendants argue that Plaintiff "purposefully withheld evidence of [the SLA's] termination from the Court when it filed the Complaint in order to prolong [the] case and drive up [Defendants'] costs."  (ECF No. 192 at 17); *see also* (ECF No. 207 at 5) (Defendants' reply asserting that Plaintiff withheld material documents, which "frustrated" a motion to dismiss). The record, however, does not support this contention.  Rather, in partially granting dismissal at the early stages of this case, the Court expressly noted that "whether the [SLA] was breached or terminated early [was] a question of fact and one that the Court [could] not resolve at [that early] stage of the pleadings."  (ECF No. 51 at 7).  Based on the record, there is no support for Defendants' argument that Plaintiff frivolously filed the Complaint or withheld evidence to prolong the case.  Thus, this example of Plaintiff's conduct does not support sanctions.

16

>    ii.       *Plaintiff's Motion for Reconsideration*

Defendants also argue that Plaintiff's "baseless" motion for reconsideration supports an award of attorneys' fees. (ECF Nos. 192 at 17 and 207 at 6). In this regard, although Plaintiff did not persuade the District Judge to reconsider the grant of summary judgment in Defendants' favor on the SLA-related claims, the Court recognized that "reconsideration is an extraordinary remedy to be employed sparingly in the interest of finality and conservation of scarce judicial resources." (ECF No. 158 at 2) (citations and quotations omitted). The Court further noted that although "much of the same evidence was available at the earlier motion to dismiss stage, the two rulings were a result of the procedural posture of each motion." (ECF No. 158 at 3). Against this record, Plaintiff's motion to reconsider was not so egregious as to warrant sanctions. *Barnes*, 2015 WL 6470318, at * 3 (declining to award sanctions under § 1927 even where counsel may have exhibited poor judgment and lack of collegiality).

>    iii.      *"Frivolous" Discovery Disputes*

Defendants also argue that Plaintiff resisted producing documents related to Defendants' invalidity counterclaim, which "forced" Defendants to file two motions to compel before the undersigned and was an issue that was not resolved until the Court dismissed Defendants' counterclaim. (ECF Nos. 192 at 17-18 and 207 at 6); *see also* (ECF Nos. 109 and 127) (Defendants' first motion to compel filed on June 10, 2016, with a hearing that followed on July 1, 2016); (ECF No. 147) (Defendants' motion to enforce the parties' prior discovery agreement filed on July 22, 2016).

In response, Plaintiff argues that Defendants took five months to file a motion to compel, which was filed only after the Court granted partial summary judgment on whether the SLA was terminated, and notes that Plaintiff produced more than 28,000 pages of responsive documents

even though Defendants' invalidity counterclaim hinged on the existence of the SLA. *See* (ECF No. 201 at 13). The record supports Plaintiff's timeline of events and shows no sanctionable conduct. *See* (ECF No. 106) (the Court's Order granting partial summary judgment to Defendants, which was entered on June 9, 2016); (ECF No. 109) (Defendants' first motion to compel, which was filed on June 10, 2016). The record also reflects that, during the discovery disputes, Plaintiff filed: (i) a motion for reconsideration of the Court's grant of summary judgment; and (ii) a motion to stay discovery pending the Court's ruling of the motion for reconsideration. *See* (ECF Nos. 122 and 149). Indeed, in just two days (July 21-22, 2016), the parties filed numerous motions. *See, e.g.*, (ECF No. 146) (Plaintiff's motion to stay all proceedings for lack of subject matter jurisdiction); (ECF No. 147) (Defendants' motion to enforce the earlier discovery agreement); and (ECF No. 149) (Plaintiff's motion to stay discovery until the Court ruled on the motion for reconsideration).

Discovery in this case was highly contested and was framed by the procedural posture of the underlying claims. Thus, Defendants' filing of two motions to compel, where Plaintiff may have had a good faith basis to pursue a protective order against discovery while litigating the substantive claims regarding the SLA and the invalidity counterclaim is not sanctionable conduct under § 1927. *See, e.g., NCC Bus. Servs., Inc. v. Lemberg & Assocs., LLC*, No. 3:13-CV-795-J-39MCR, 2015 WL 5553773, at *6 (M.D. Fla. Sept. 18, 2015) (denying sanctions where plaintiff's efforts to conduct discovery where not indicative of bad faith or multiplying the proceedings).

iv.    *Dismissal of Defendants' Invalidity Counterclaim*

Defendants also argue that attorneys' fees are warranted because, among the other conduct described herein, Plaintiff initially refused to dismiss Defendants' invalidity

counterclaim without prejudice only to later request the same relief in its reply to the motion to dismiss.  (ECF No. 192 at 18).   Defendants assert that, by that time, they had expended significant resources in litigating the case and in preparing Defendants' expert report on the invalidity counterclaim.  *Id.*

The undersigned finds no egregious or sanctionable conduct in Plaintiff's change of litigation position regarding dismissal of Defendants' counterclaim.  Indeed, in dismissing the counterclaim, the District Court recognized the potential that litigation surrounding the counterclaim may be "resurrected" and dismissal was ordered without prejudice to allow for that possibility.  (ECF No. 156 at 5).   The fact that Plaintiff initially declined an offer of dismissal without prejudice and subsequently changed its litigation position regarding Defendants' counterclaim does not support sanctions under § 1927.

v.   *Mediation and Nondisclosure of State Court Complaint*

Defendants argue that Plaintiff acted in "bad faith" when it attended a July 12, 2016 mediation without disclosing that—just a week before—it had filed a separate complaint in state court that was unknown to Defendants.[10]  (ECF Nos. 192 at 18 and 207 at 7).   According to Defendants, Plaintiff's failure to disclose the state filing was deceitful, if not an outright attempt to defraud.  (ECF No. 192 at 19).   In support of this argument, Defendants rely on the Rules regulating the Florida Bar and the ABA Model Rules on professional responsibility.  (ECF Nos. 192 at 18-19 and 207 at 7).   Defendants specifically contend that under the rules regarding truthfulness in statements to others, "a lawyer representing a party may not make a false statement of material fact to a third person."  (ECF No. 207 at 7).   Defendants, however, fail to

---

[10] The state action was later removed to this Court and stayed pending resolution of Plaintiff's appeal in the instant case.  *See Alexsam, Inc. v. Fidelity Nat'l Info. Servs., Inc.*, No. 16-CV-61909 (S.D. Fla. 2016).

include the full language of the Rule which provides that "a lawyer shall not knowingly fail to disclose a material fact to a third person *when disclosure is necessary to avoid assisting a criminal or fraudulent act by a client* . . . ." ABA Model R. 4.1(b) (emphasis added); *see also* Fla. R. of Professional Conduct 4-4.1(b).

Here, there is no support for the proposition that Plaintiff's non-disclosure of the separate state court complaint was criminal or fraudulent. Additionally, regardless of the events that occurred (or did not occur) during the mediation, Defendants have failed to show how the failure to disclose the filing of a separate state court complaint unreasonably or vexatiously multiplied the proceedings in this case. Although disclosing the state court complaint may have been more candid and a better practice, there is no evidence before the Court that Plaintiff had an affirmative duty to make such disclosure. *See, e.g.*, ABA Model Rule 4.1, Comment [1] ("A lawyer is required to be truthful when dealing with others on a client's behalf, but generally has no affirmative duty to inform an opposing party of relevant facts."). Therefore, the facts surrounding Plaintiff's non-disclosure at mediation of having previously filed a state court complaint does not rise to the level of sanctionable conduct under § 1927.

vi.     *Plaintiff's Drafted But Unfiled Motion for Attorneys' Fees*

As a sixth example of conduct in support of an award of fees, Defendants argue that Plaintiff "served and threatened to file its own motion for attorney's fees based on allegedly vexatious and bad conduct by [Defendants]." (ECF No. 192 at 19). Plaintiff responds that although it chose not to file its motion for attorneys' fees, Defendants multiplied the proceedings by an unwillingness to dismiss the invalidity counterclaim after the Court's June 8, 2016 Order, which granted Defendants' motion for summary judgment on the SLA. (ECF No. 201 at 14).

The record reflects that the Court's Order on summary judgment regarding the patent-related counterclaim was entered on July 27, 2016.  (ECF No. 156).  In granting judgment on the invalidity counterclaim in favor of Plaintiff, the Court "decline[d] to retain jurisdiction over the [invalidity counterclaim]" outside the context of the SLA.  *Id.* at 3, 5.

Against this context and given the litigious nature of the case, Plaintiff's unfiled motion for fees does not now support a sanctions award.   Plaintiff's motion was never filed or evaluated by the Court on the merits.  Further, as the record confirms, the parties continued to actively litigate all issues in the case, including fees, and the undersigned does not find that Plaintiff's drafting and serving a fee motion was unreasonable or vexatious.

### vii.    Plaintiff's Appeal to the Eleventh Circuit Instead of the Federal Circuit

As a seventh and last example of Plaintiff's alleged misconduct, Defendants argue that Plaintiff appealed to the wrong circuit court (i.e. the Eleventh Circuit) even though cases involving patent law must be appealed to the Federal Circuit.  (ECF No. 192 at 19).  Plaintiff responds that this was a breach of contract case based on Florida law and that filing an appeal in the Eleventh Circuit was "supported by an independent blog on patent matters."  (ECF No. 201 at 15).   Plaintiff, however, is plainly wrong.

In transferring the case to the Federal Circuit for consideration of the appeal, the Eleventh Circuit noted that "[b]ecause Defendants have asserted a compulsory counterclaim that arises under federal patent law, the Federal Circuit has exclusive jurisdiction over this action."  (ECF No. 192-2 at 4).  But, as noted above, for sanctions to be appropriate, something more than lack of merit is required.  *Schwartz*, 341 F.3d at 1225.  Thus, Plaintiff's poor reliance on a "blog" as support for its choice of appellate court and error in appealing to the Eleventh Circuit does not amount to sanctionable conduct under § 1927.

In sum, Defendants' arguments and examples regarding Plaintiff's alleged conduct do not persuade the undersigned that an award of attorneys' fees and non-taxable costs is appropriate under § 1927. As well, the Court is mindful that generally, each party must pay its own attorneys' fees, unless a statute or contract provides otherwise. *Hardt*, 560 U.S. at 253. Under the facts of this case, the undersigned finds that Plaintiff's alleged conduct, individually or collectively, does not meet the high standard for § 1927 sanctions. Hence, Defendants' request for fees and non-taxable costs pursuant to § 1927 should be denied.

### D.     The Patent Act's "Exceptional" Case Standard for Fee Award

Defendants also argue that an award of fees is appropriate under 35 U.S.C. § 285 of the Patent Act, which provides that "the court in exceptional cases may award reasonable attorney fees to the prevailing party." (ECF No. 192 at 13-15). Plaintiff summarily objects to Defendants being a "prevailing party" and asserts that this is not an "exceptional case" under patent law. (ECF No. 201 at 17-19). More specifically, Plaintiff argues that "Defendants are not the prevailing party on their counterclaim because their claim was dismissed by [the] Court without addressing its merits and they obtained no recovery." (ECF No. 201 at 18).

When faced with a motion for attorneys' fees under § 285, a court's inquiry is twofold. *See, e.g.*, *Sweepstakes Patent Co., LLC v. Burns*, No. 14-CV-151-ORL-22KRS, 2015 WL 12839777, at *2 (M.D. Fla. Nov. 24, 2015), *report and recommendation adopted,* 2016 WL 386060 (M.D. Fla. Feb. 2, 2016) (citations omitted). First, the court must find that the party seeking fees is a prevailing party. *Sweepstakes Patent Co.*, 2015 WL 12839777, at *2; *see also Gentry Gallery, Inc. v. Berkline Corp.*, 134 F.3d 1473, 1480 (Fed. Cir. 1998) (noting that to prevail within the meaning of § 285, a plaintiff must have achieved some of the benefits sought in bringing suit) (citations and quotations omitted); *SSL Servs., LLC v. Citrix Sys., Inc.*, 769 F.3d

1073, 1086 (Fed. Cir. 2014) (noting that Federal Circuit law governs the determination of which party has prevailed in a patent case).  If the prevailing party criterion is met, the court must then evaluate whether the case is "exceptional" within the meaning of § 285.  *Sweepstakes Patent Co.*, 2015 WL 12839777, at *2.

      *i.*     *Prevailing Party*

As discussed above, the Court entered summary judgment in favor of Defendants on the SLA-related claims and that ruling was affirmed on appeal.  (ECF Nos. 106 and 175).  Defendants, therefore, are the "prevailing party" for purposes of recovering costs under Rule 54(d).  Determining "prevailing party" under § 285, however, requires a different analysis.

To be deemed a "prevailing party" under § 285, courts require: (i) that the party received at least some relief on the merits; and (ii) that such relief must materially alter the legal relationship between the parties by modifying one party's behavior in a way that directly benefits the opposing party.  *SSL Servs.*, 769 F.3d at 1086 (quotations and citations omitted).  Here, Defendants do not sufficiently address how their success in defending against Plaintiff's SLA-related claims makes them the "prevailing party" for purposes of § 285 of the Patent Act.  *See, e.g.*, (ECF No. 207 at 8 n.13) (briefly noting Plaintiff's objection to Defendants' alleged "prevailing party" status).  Nor do Defendants acknowledge that it was Plaintiff who "prevailed" on the patent-related invalidity counterclaim when the Court dismissed that claim without prejudice.  (ECF No. 156 at 5).  For its part, Plaintiff merely states that "Defendants are not the prevailing party on their counterclaim because their claim was dismissed by this Court without addressing its merits, and [Defendants] obtained no recovery."[11]  (ECF No. 201 at 18).  Against

---

[11] Plaintiff includes a similar sentence later in its brief, repeating that "Defendants are not the 'prevailing party' with respect to patent-related counterclaims as both were dismissed on

the scarce argument on this issue, the Court relies on the record to assess the requisite "prevailing party" element of § 285.

The record reveals that both Plaintiff and Defendants "achieved some success and sustained some failure." *SSL Servs.*, 769 F.3d at 1086; *see also Acosta v. Mega Media Holdings, Inc.*, No. 15-21837-CV-COOKE/TORRES, 2017 US. Dist. LEXIS 30472 (S.D. Fla. Mar. 2, 2017) (recommending that the District Court deny fees and costs in a "mixed judgment" case). On the one hand, Defendants successfully obtained summary judgment on whether the SLA was previously terminated, resulting in dismissal of the SLA-related claims. *See generally* (ECF No. 106). Conversely, Plaintiff successfully obtained dismissal of Defendants' patent-related invalidity counterclaim in their own motion for partial summary judgment. *See generally* (ECF No. 156). Notably, dismissal of the invalidity counterclaim was "without prejudice in the event the controversy was resurrected." *Id.* at 5. Moreover, dismissal without prejudice of the patent-related invalidity counterclaim is insufficient to constitute a change in the parties' legal relationship because Plaintiff is free to refile its action. *Sweepstakes Patent Co.*, 2015 WL 12839777, at *3. Thus, as to the patent-related invalidity counterclaim, the parties effectively remained in the same litigating position. Given this factual scenario, the Court is unconvinced that Defendants have shown, by a preponderance of evidence, that they are the "prevailing party," as required by § 285.

Although the litigants failed to adequately address the "prevailing party" requirement, they have more fully argued the second element of § 285—i.e., whether this is an "exceptional" case under the Patent Act. Thus, in the event that Defendants can establish prevailing party

---

[Plaintiff's] motion." (ECF No. 201 at 18). Nothing in the briefs, however, sufficiently addresses "prevailing party" status in the context of § 285.

status before the District Judge upon further review,[12] the undersigned will also consider whether Defendants have met the second prong of § 285 by showing that this is an "exceptional" case.

ii.      *Exceptional Case*

The framework for determining what is an "exceptional" case under § 285 is set forth in *Octane Fitness, LLC v. Icon Health & Fitness, Inc.*, 572 U.S. 545 (2014).[13]  In *Octane Fitness*, the Court noted that the phrase "exceptional case" in the Patent Act's fee-shifting provision should be interpreted in accordance with its ordinary meaning to mean "uncommon," "rare," or "not ordinary."  572 U.S. at 553.  Further, "an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated."  *Id.* at 554.  Whether a case is "exceptional" should be determined on a case-by-case exercise of discretion, considering the "totality of the circumstances" and using a nonexclusive list of factors, including "'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case), and the need in particular circumstances to advance considerations of compensation and deterrence.'"  *Id.* at 554 n.6 (citing *Fogerty v. Fantasy, Inc.*, 114 S. Ct. 1023 (1994)); *see also In re Rembrandt Techs. LP Patent Litig.*, 899 F.3d 1254, 1277 (Fed. Cir. 2018) (affirming a District Court's finding that a patent case was "exceptional" under § 285).  Lastly, *Octane Fitness* lowered the requisite evidentiary standard for proving an "exceptional" case from clear and convincing evidence to a preponderance of evidence.  *Octane Fitness,* 572 U.S. at 557.

---

[12]  Because this is a Report and Recommendation, the parties will have an opportunity to submit further briefing to the District Judge.

[13]  In *Octane Fitness*, the Court abrogated the prior framework established by the Federal Circuit in *Brooks Furniture Manufacturing, Inc. v. Dutailier International, Inc.,* 393 F.3d 1378 (Fed. Cir. 2005), as unduly rigid and impermissibly encumbering the statutory grant of discretion to the district courts.  *Octane Fitness*, 572 U.S. at 554-55.

Against this framework, courts conduct a multifactor analysis that considers the totality of the circumstances on a case-by-case basis to determine whether a case is "exceptional."[14] Courts have also cautioned against using a fee award as a "penalty for failure to win a patent infringement suit." *Checkpoint Sys*, 858 F.3d at 1376 (quoting *Octane Fitness*, 572 U.S. at 548). Further, the legislative purpose behind § 285 is to prevent a party from suffering a "gross injustice" and "[t]he exercise of discretion in favor of awarding attorney fees should be bottomed upon a finding of unfairness or bad faith in the conduct of the losing party, or some other equitable consideration of similar force, which makes it grossly unjust that the winner of the particular law suit be left to bear the burden of his own counsel fees." *Id.* (citations omitted).

---

[14] Some courts have declined to award fees. *See, e.g., Checkpoint Sys. Inc. v. All-Tag Security, S.A.*, 858 F.3d 1371, 1376-77 (Fed. Cir. 2017) (reversing a fee award after finding that the infringement claims were reasonable, and the litigation was not in bad faith or abusive), *cert. denied*, 138 S. Ct. 650 (2018); *Peschke Map Techs. LLC v. Miromar Dev. Corp.*, No. 2:15-CV-173-FTM-38MRM, 2017 WL 991481, at *3 (M.D. Fla. Mar. 15, 2017) (declining to award fees because plaintiff's litigation representations did not meet the exceptionality threshold); *Freedom Sci., Inc. v. Enhanced Vision Sys., Inc.*, No. 8:14-CV-1229-T-36JSS, 2016 WL 2865353, at *3 (M.D. Fla. May 17, 2016) (although plaintiff's counsel's conduct left much to be desired, it was not so unreasonable as to warrant a finding of exceptionality); *Commonwealth Labs., Inc. v. Quintron Instrument Co., Inc.*, No. 14-20083-CV, 2015 WL 11216332, at *7 (S.D. Fla. July 20, 2015) (finding that the limited record did not establish exceptionality by preponderance of evidence), *report and recommendation adopted*, No. 14-CV-20083, 2015 WL 11216331 (S.D. Fla. Aug. 14, 2015); *Net Talk.com v. Magicjack Vocaltec Ltd.*, No. 12-CV-81022, 2015 WL 10015379, at *6 (S.D. Fla. Nov. 20, 2015) (noting that although *Octane Fitness* loosened the framework, exceptionality remained the exception to the rule); *NXP B.V. v. Blackberry, Ltd.*, 58 F. Supp. 3d 1313, 1323 (M.D. Fla. 2014) ("Although *Octane [Fitness]* eased the standard for fee-shifting and reduced the prevailing party's burden . . . to a preponderance of evidence, post-*Octane [Fitness]* decisions awarding fees have concerned egregious behavior."). But other courts, including this Court, have found cases exceptional and a fee award appropriate. *See Shipping & Transit, LLC v. 1A Auto, Inc.*, 283 F. Supp. 3d 1290, 1293-94 (S.D. Fla. 2017) (adopting recommendation to grant fees under the "exceptional" case standard of § 285); *Shipping and Transit v. Lensdiscounters.com*, No. 16-80980-CIV-Rosenberg/Brannon, 2017 WL 5434581, at *5 (S.D. Fla. July 11, 2017) (recommending that fees be awarded based on plaintiff's litigation pattern and practice), *report and recommendation adopted*, No. 16-80980-CIV (S.D. Fla. Aug. 8, 2017); *Shipping and Transit v. Hall Enters. Inc.*, No. CV 16-06535-AG-AFM, 2017 U.S. Dist. LEXIS 109122, at *19 (C.D. Ca. July 5, 2017) (awarding fees where the case was objectively unreasonable and litigated in an unreasonable manner).

Here, after considering the specific examples of alleged misconduct discussed above, *see supra* Section III.C(i)-(vii), and the totality of the facts and circumstances, the undersigned finds that this case does not meet the "exceptional" case threshold.  Even collectively, Plaintiff's alleged conduct is not "uncommon," "rare, or out of the "ordinary."  Undoubtedly, the case was hotly contested, but the record does not support a finding of unfairness or bad faith conduct by Plaintiff that would warrant shifting the burden of attorneys' fees.  Further, although the Court found against Plaintiff on its SLA-related claims and granted summary judgment in Defendants' favor, it was not objectively unreasonable or frivolous for Plaintiff to pursue its claims in this action.  *Freedom Sci*, 2016 WL 2865353, at *3.  Indeed, the issues regarding the SLA were only determined after a motion for summary judgment, which the Court recognized was a different procedural posture than an earlier motion to dismiss.  (ECF No. 158 at 3).  Additionally, even if Plaintiff failed to produce discovery expeditiously, which may have led Defendants to file two motions to compel, that is not evidence of egregious conduct justifying a fee award.  *Net Talk.com*, 2015 WL 10015379, at *8.  Also non-egregious are Plaintiff's filing of a motion requesting that the District Court reconsider its Order or Plaintiff's drafting and serving of a motion for fees.  Further, as noted above, Plaintiff had no affirmative duty to disclose that it had filed a state court complaint against Defendants one week before the mediation.  Hence, the undersigned concludes that Defendants should not be awarded attorneys' fees under § 285 because this is not an "exceptional" case.

### E.    Use of the Court's Inherent Authority is Unnecessary

As a third and alternative basis for their request, Defendants argue that attorneys' fees and costs are warranted under "the Court's inherent power."  (ECF No. 192 at 13, 16-17).  A court's inherent power is "governed not by rule or statute but by the control necessarily vested in

courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017) (citation omitted); *see also Spolter v. Suntrust Bank*, 403 F. App'x 387, 390 (11th Cir. 2010) ("Federal courts have the inherent power to impose sanctions on parties and lawyers."); *Barnes*, 2015 WL 6470318, at *2 (noting that the Court has "an inherent power to regulate litigation and sanction the parties, as well as their counsel, for abusive practices"). This power must be exercised with "restraint and discretion" and used "to fashion an appropriate sanction for conduct which abuses the judicial process," such as willful disobedience of a court order, and to sanction a party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *Purchasing Power*, 851 F.3d at 1223 (citations omitted).

As with § 1927 sanctions, the invocation of a court's inherent power requires a finding of bad faith. *Id*; *Brown Jordan Int'l, Inc. v. Carmicle*, No. 0:14-CV-60629-ROSENBERG/BRANNON, 2016 WL 815827, at *35 (S.D. Fla. Mar. 2, 2016), *aff'd*, 846 F.3d 1167 (11th Cir. 2017); *Amlong*, 500 F.3d at 1251 ("[B]efore a court can impose sanctions on an attorney under its inherent powers, it must make a finding of bad faith."). "Bad faith exists when the court finds that a fraud has been practiced upon it, or that the very temple of justice has been defiled, or where a party or attorney knowingly or recklessly raises a frivolous argument, delays or disrupts the litigation, or hampers the enforcement of a court order." *Brown Jordan Int'l*, 2016 WL 815827, at *35 (citation omitted). Accordingly, "sanctions that are impermissible under § 1927 are also impermissible under a district court's inherent powers." *Amlong*, 500 F.3d at 1252 ("[T]he threshold of bad faith conduct for purposes of sanctions under the court's inherent powers is at least as high as the threshold of bad faith conduct for sanctions under § 1927."). Further, "[b]ecause of their very potency, inherent powers must be exercised with

restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991); *see also Purchasing Power*, 851 F.3d at 1223 (same).

As with Defendants' request for fees pursuant to § 1927, the undersigned finds that the Court's inherent powers do not support an award of fees and costs in this case. There is no evidence of abusive practices or bad faith in Plaintiff's conduct. Moreover, as noted above, sanctions that are impermissible under § 1927 are also impermissible under a district court's inherent powers, which are to be exercised with restraint. *Amlong*, 500 F.3d at 1252. Thus, the District Court should decline Defendants' attempt to invoke the Court's inherent powers to grant attorneys' fees and costs.

Lastly, because the Court concludes that Defendants are not entitled to fees under any of their asserted bases, it need not evaluate the reasonableness of the approximately $1.6 million in fees that Defendants allege to have incurred in this litigation. (ECF No. 192 at 2); (ECF No. 193) (Defendants' time records totaling more than 280 pages). The undersigned also declines to evaluate the reasonableness of Defendants' request for $27,168.75 in "non-taxable fees and expenses" because, for the reasons discussed above, they have failed to demonstrate entitlement to costs under any statute beyond § 1920. In sum, the Motions should be denied based on non-entitlement to the claimed fees and non-taxable costs, and granted in part as to certain taxable costs under § 1920.

## VI.    RECOMMENDATION

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** as follows:

1.    Defendants' Motion for Bill of Costs and Attorneys' Fees (ECF No. 192) be **GRANTED IN PART AND DENIED IN PART**. More specifically, attorneys' fees should be denied in full and costs should be awarded as set forth in paragraph 2 below.

2.      Defendants' Motion for Bill of Costs (ECF No. 194) be **GRANTED IN PART AND DENIED IN PART.**  The District Judge should award Defendants $2,600.50 in costs.

Within **fourteen** (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

   **DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on February 13, 2019.


ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc:  U.S. District Judge Beth Bloom
       All Counsel of Record