# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 15-cv-61736-BLOOM/Valle

ALEXSAM, INC.,

    Plaintiff,

v.

WILDCARD SYSTEMS, INC., *et al.*,

    Defendants.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon Defendants WildCard Systems, Inc., eFunds Corporation, and Fidelity National Information Services, Inc.'s (collectively "Defendants") Motion for Bill of Costs and Attorneys' Fees, ECF No. [192], and Defendants' Motion for Bill of Costs, ECF No. [194], (collectively, the "Motions"). On July 23, 2018, the Motions were referred to the Honorable Alicia O. Valle, United States Magistrate Judge, for Report and Recommendation ("Report"), ECF No. [213]. Judge Valle issued a Report and Recommendation on February 13, 2019, recommending that the Motions be granted in part and denied in part. *See* Report, ECF No. [215]. The Report advised the parties that objections to the Report must be filed within fourteen days. *Id.* at 30. Thus, any objections were required on or before February 27, 2019. On February 27, 2019, Plaintiff AlexSam, Inc. ("AlexSam" or "Plaintiff") filed its objections to certain portions of the Report. *See* Plf.'s Objections, ECF No. [216]. Defendants did not file any objections.

Plaintiff asserts two objections to the Report. The first objection relates to the Report's conclusion that the Defendants' Motions were timely filed. ECF No. [216], at 2-4. The second

objection relates to "certain commentary" in the Report relating to "AlexSam's decision to appeal to the Court of Appeals for the Eleventh Circuit." *Id.* at 4.

Regarding Plaintiff's first objection to the Report's conclusion that the Motions were timely filed, the Court finds this objection is without merit. Local Rule 7.3(a) requires that motions for attorneys' fees and/or non-taxable expenses and costs shall "be filed with sixty (60) days of the entry of the final judgment or order giving rise to the claims." S.D. Fla. L.R. 7.3 (a). Further, Local rule 7.3(c) mandates that a bill of costs pursuant to 28 U.S.C. § 1920 "shall be filed and served within thirty (30) days of entry of final judgment or other appealable order." S.D. Fla. L.R. 7.3 (c). Here, Plaintiff states that the Eleventh Circuit's Mandate, which was issued on February 15, 2018, was the "triggering event" for the Defendants to file their Motions for Fees and Costs. *See* ECF Nos. [201], at 10-11. Plaintiff argues that the Report's recommendation that the Motions were timely "rests upon the conclusion that the Court's April 10, 2018 Order re-set the trigger date." ECF No. [216], at 2. The Motions presently pending before this Court, however, were initially filed on March 19, 2018, which was within the time prescribed by Local Rules 7.3(a) and (c). *See* ECF Nos. [177] and [178]. As discussed in the Report, this Court entered its Order on April 10, 2018, which denied the motions without prejudice, and expressly permitted the Defendants to re-file their motions. *See* ECF No. [188]. Defendants then refiled the Motions on June 8, 2018. ECF Nos. [192] and [194]. The Report correctly observes that the Defendants were permitted to refile the Motions, and thus the Motions were not untimely. Accordingly, the Court agrees that the Motions were timely filed and Plaintiff's first objection is overruled.

Regarding Plaintiff's second objection to "certain commentary" regarding AlexSam's decision to appeal to the wrong court, this objection is also without merit. While Plaintiff agrees with Judge Valle's recommendation that the Defendant's Motion for Attorney's Fees and Non-

Taxable Costs be denied, it takes issue with the Report's statement that Plaintiff's decision to appeal to the Eleventh Circuit was "plainly wrong." ECF No. [216], at 4. AlexSam also claims that the Report was misleading because "AlexSam did not rely *solely* on a blog post when it chose to appeal to the Eleventh Circuit." *Id.* (*emphasis added*). The Court first notes that this objection is improper as it has no bearing on the Report's findings. Nonetheless, the Court agrees with Judge Valle's analysis that AlexSam was "plainly wrong" to appeal this action to the Eleventh Circuit, as the Federal Circuit has *exclusive* jurisdiction over the appeals of actions arising under federal patent law. *See* 28 U.S.C. § 1295 (a) (1) ("The United States Court of Appeals for the Federal Circuit ***shall have exclusive jurisdiction*** of an appeal from a final decision of a district court of the United States . . . in any civil action arising under, or in any civil action in which a party has asserted a compulsory counterclaim arising under, any Act of Congress relating to patents or plant variety protection") (*emphasis added*). The Court is unable to find in the Report a statement that AlexSam's decision was made *solely* on a blog post, and thus the objection in this regard is a misstatement of the Report. Plaintiff's second objection is overruled.

The Court finds Judge Valle's Report to be well reasoned and correct and the Court agrees with Judge Valle's analysis. Accordingly, having conducted a *de novo* review of Judge Valle's Report and Recommendation, and otherwise being fully advised, it is **ORDERED AND ADJUDGED** as follows:

1. Judge Valle's Report, **ECF No. [215]**, is **ADOPTED**;
2. Plaintiff's Objections, **ECF No. [216]** are **OVERRULED**;
3. Defendants' Motion for Bill of Costs and Attorneys' Fees, **ECF No. [192]**, is **GRANTED in part and DENIED in part**. Defendants' Motion for Bill of Costs, **ECF No. [194]**, is **GRANTED in part and DENIED in part**.

4. Defendants are awarded **$2,600.50 in taxable costs.**

**DONE AND ORDERED** in Miami, Florida, this 1st day of March, 2019.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

The Honorable Alicia O. Valle

Counsel of Record